Argued July 11, reversed and remanded July 27, 1966

# HEPLER *v.* SANTERNO ET UX

417 P. 2d 390

*Harry A. Slack, Jr.,* Coquille, argued the cause for appellant. With him on the brief were Slack & Slack, Coquille.

No appearance and no brief filed for respondents.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

Plaintiff is a mink rancher. Early in 1962 she entered into a verbal agreement with defendants, whereby plaintiff delivered to defendants 40 or 42 female breeder mink. Plaintiff says that as payment for the female mink she was to receive back from the defendants the pelts from 42 young male mink after the pelting season in each of the years 1962, 1963 and 1964.

Defendants admit receiving 40 female mink from plaintiff, but contend that the agreement for payment was that they were to deliver to plaintiff the pelts from 40 male kit mink after the 1962 pelting season only. Defendants contend that they fulfilled their obligations, having delivered the required pelts in that year.

Plaintiff brought this action for damages for breach of the agreement, praying judgment for the value of pelts not delivered in 1963 and 1964. From a jury's verdict and judgment thereon for defendants, plaintiff appeals.

The sole question on appeal involves rulings by the trial judge in permitting a line of cross-examination of plaintiff's witness, Betty Edwards, and in refusing to permit plaintiff's counsel to re-examine her on the same subject.

The witness Edwards also raises mink, and is acquainted with both parties. On direct examination, and in response to questions by plaintiff's counsel, she

testified that she had discussed the agreement in question with the Santernos. She stated that Mrs. Santerno told her that they were to give plaintiff male mink pelts each year for three years, but that they could not do so in the years 1963 and 1964 because they didn't have the pelts.

On cross-examination and over the timely objection of plaintiff's attorney, the witness Edwards testified as follows:

"Q You made a deal with the plaintiff, did you not?

"A I did.

"Q You paid her off within a year?

"MR. SLACK: I object to this.

"THE WITNESS: $17.50.

"MR. SLACK: I know exactly what he is going to ask and I object.

"* * * * *

"THE COURT: At the risk of a mistrial if you are asking something prejudicial in view of the earlier objection he made, you may proceed. If it is proper, fine, and he is out of order.

"MR. PICKETT: I believe my question is proper.

"BY MR. PICKETT: (continuing)

"Q Before the year was out, you paid off the female minks you got for $17.50 apiece?

"A I got —

"THE COURT: (Interposing) Do you have an objection?

"MR. SLACK: I object to this testimony. It has nothing to do with the issues. I think it is going on the adequacy of consideration again.

"THE COURT: He may very well be trying to establish motive. If that is all your objection is, it will be overruled.

"BY MR. PICKETT: (continuing)

"Q You did pay off?

"A I paid off $850.00 for fifty females.

"Q You paid off $17.50 —

"A (Interposing) $17.00 or $17.50. It was $850.00 for 50 females.

"Q And you didn't owe any more for females?

"A Nothing more.

"MR. PICKETT: That is all, thank you.

### "*RE-DIRECT EXAMINATION*

"BY MR. SLACK:

"Q What kind of female mink did you get?

"THE COURT: Mr. Pickett, I think you were establishing adequacy of consideration. I think the objection is well taken. You just brought it in for the value of females. It will be stricken."

■ The evidence of the witness regarding a particular transaction she had with the plaintiff, and which was entirely unrelated to the contract in question, was irrelevant to the issues, and was prejudicial to plaintiff's theory of the case.

■ Although a lack of clarity exists, it would appear that the statement of the court "It will be stricken" was intended as a ruling that the previous questions to and answers by the witness Edwards upon cross-examination were stricken from the record. As far as the ruling went it was not improper. However, when the court intended, as it did, to permit the case to continue in the face of the prejudicial and irrelevant testimony of the witness, the jury should have been instructed that the stricken testimony was withdrawn from their consideration and that they must disregard it. It was error to allow the introduction of the evidence over objection of opposing counsel, and the error was not cured by simply striking the evidence from

the record. *Best v. Tavenner,* 189 Or 46, 218 P2d 471 (1950); *Moss v. Peoples Calif. Co.,* 134 Or 227, 293 P 606 (1930); *Swank v. Elwert,* 55 Or 487, 105 P. 901 (1910); 88 CJS, Trial, § 274; 53 Am Jur, Trial, § 114.

In view of this decision there is no need to discuss the question of whether plaintiff's attorney should have been permitted to re-examine the witness upon the material elicited by cross-examination.

Reversed and remanded for a new trial.